RECEIVED

SEP 29 2014

AT 8:30_____M
WILLIAM T WALSH CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO C. HENRIQUEZ, | Civil Action No. 13-7175 (FLW) |
| Petitioner, | |
| v. | OPINION |
| HON. FREDERICK P. DEVESA, et al., | |
| Respondents. | |

APPEARANCES:

> JULIO C. HENRIQUEZ, #615089
> Northern State Prison
> 168 Frontage Road
> Newark, NJ  07114
> Petitioner *Pro se*

**WOLFSON, District Judge**:

Julio C. Henriquez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging a judgment filed in the Superior Court of New Jersey, Middlesex County ("trial court"), on July 31, 2008, after he pled guilty to third-degree possession of marijuana in a school zone with intent to distribute and third-degree possession of a handgun without a permit. *See State v. Henriquez*, No. A-1736-08T4, 2010 WL 668646 (App. Div. Feb. 26, 2010), *certif. denied*, 202 N.J. 346 (2010). Having notified Petitioner of his rights, as required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and having given him an opportunity to either have the Petition considered "as is" or to withdraw the Petition in order to file a petition which includes all available claims, (ECF No. 3), the Court will summarily dismiss the Petition, *see* 28 U.S.C. § 2254 Rule 4, and decline to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c).

## I.  BACKGROUND

After losing a motion to suppress evidence seized by the police in a warrantless search, Henriquez agreed to plead guilty to third-degree possession of marijuana in a school zone with intent to distribute and third-degree possession of a handgun without a permit. *See State v. Henriquez*, No. A-1736-08T4, 2010 WL 668646 *1. In accordance with a plea agreement, the trial court imposed an aggregate five-year prison term, subject to 27 months of parole ineligibility. Henriquez appealed, arguing that the trial judge erred in denying his motion to suppress and by imposing a maximum term of five years. *Id.* The Appellate Division affirmed, rejecting both arguments on the merits, and the New Jersey Supreme Court denied certification. *Id., certif. denied,* 202 N.J. 346 (2010). Henriquez filed a petition for post-conviction relief, which the trial court denied on July 29, 2011. *See State v. Henriquez,* No. A-1855-11T2, 2013 WL 1844879 (App. Div. May 3, 2013), *certif. denied,* 216 N.J. 365 (2013). On May 3, 2013, the Appellate Division affirmed the order denying post-conviction relief, and on November 13, 2013, the New Jersey Supreme Court denied certification. *Id.*

Henriquez handed the instant § 2254 Petition to prison officials for mailing to this Court on November 21, 2013. (Petition, ECF No. 1 at 15.) The Clerk received it on November 25, 2013. The Petition raises one ground, which is set forth verbatim here: "Loubriel Siaz was an active participant in the crime who repeatedly lied to the investigating officer, and should've been properly characterize[d] as an informant from a criminal mili[eu]." (Petition, Ground One, ECF No. 1 at 5.) This Court notified Henriquez of his rights pursuant to *Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000), and gave him an opportunity to either have the Petition considered "as is" or to withdraw the Petition in order to file a petition which included all available claims. (ECF No. 3.)

In response, Henriquez stated his "intent to have the pending § 2254 petition considered as the one and only complete § 2254 petition 'as is.'" (ECF No. 4 at 1.)

## II.   STANDARD OF REVIEW

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court adjudicated petitioner's federal claim on the merits,[1] a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

Habeas Rule 4 requires the Court to examine this Petition prior to ordering an answer and to summarily dismiss it if "it plainly appears from the [P]etition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on

---

[1] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." *Shotts v. Wetzel*, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

3

its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.3d 37, 45 (3d Cir. 1985). Dismissal without the filing of an answer is warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." *Siers*, 773 F.2d at 45; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief").

### III. DISCUSSION

A. Habeas Rule 4 Screening

Henriquez's all-inclusive § 2254 Petition raises one ground. He claims that "Loubriel Siaz was an active participant in the crime who repeatedly lied to the investigating officer, and should've been properly characterize[d] as an informant from a criminal mili[eu]." (Petition, Ground One, ECF No. 1 at 5.) The problem with Henriquez's habeas ground is that he pled guilty and he does not challenge the voluntary and intelligent character of his guilty plea. As the Supreme Court explained over 40 years ago, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see also United States v. Broce,* 488 U.S. 563, 573-74 (1989) (holding that defendants' "guilty plea served as a relinquishment of their opportunity to receive a factual hearing on a double jeopardy claim. Relinquishment derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary

4

plea of guilty."); *Brady v. United States,* 397 U.S. 742 757 (1970) ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.").

In this case, Henriquez's sole ground for habeas relief – that Siaz, a witness to the shooting who told the police that Henriquez was the shooter,[2] lied to the police – is foreclosed on habeas review by Henriquez's guilty plea, which he does not challenge. *See Broce,* 488 U.S. at 573-74; *Tollett,* 411 U.S. at 267. This is because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce,* 488 U.S. at 569. Instead of entering a guilty plea, Henriquez had the opportunity to challenge the state's attempt at trial (and on direct appeal) to prove that he committed the crimes and to challenge the credibility of Siaz, if the state offered the testimony of Siaz against him. He chose not to do so and elected to plead guilty, thus relinquishing that entitlement. *Id.* at 573-74. Although Henriquez may now belief that he made "a strategic miscalculation[,] precedents demonstrate, however, that such grounds do not justify setting aside an otherwise valid guilty plea." *Id.* at 571. Because Henriquez relinquished his habeas claim challenging the credibility of a witness by pleading guilty, and he has not challenged the knowing and voluntary nature of the plea, this Court cannot grant habeas relief on his solitary ground. *See Broce,* 488 U.S. at 573-74; *Tollett,* 411 U.S. at 267; s*ee also Washington v. Sobina,* 475 F.3d 162 (3d Cir. 2007) (holding that habeas petitioner's speedy trial claim was foreclosed by

---

[2] The New Jersey courts found that Siaz's statement provided probable cause for Henriquez's arrest and denied his motion to suppress. *See Henriquez,* 2010 WL 668646 at *2-*3

5

his guilty plea); *United States v. Hawthorne,* 532 F.2d 318, 322 (3d Cir. 1976) (holding that a defendant's guilty plea and his failure to challenge the voluntariness of the plea foreclosed the consideration of his claim challenging the denial of his pre-trial motion to dismiss the indictment). Accordingly, this Court will summarily dismiss the Petition under Habeas Rule 4.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### III.  CONCLUSION

The Court dismisses the Petition and denies a certificate of appealability.

_____
FREDA L. WOLFSON, U.S.D.J.

Dated: _Sept 29_, 2014